DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: LUCAS ISSACHAROFF
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2737
Fax: (212) 637-2702
lucas.issacharoff@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARITIME LEGAL AID & ADVOCACY, LTD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. MARITIME ADMINISTRATION,<br><br>　　　　　Defendant. | No. 22 Civ. 4308 (JGK) |

**ANSWER TO AMENDED COMPLAINT FOR**
**INJUNCTIVE AND DECLARATORY RELIEF**

　　　　Defendant U.S. Maritime Administration ("MARAD" or "Defendant"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, answers the Amended Complaint filed on June 20, 2022, by Plaintiff Maritime Legal Aid & Advocacy, Ltd. ("Plaintiff"), upon information and belief as follows:

　　　　1.　　Paragraph 1 contains Plaintiff's characterization of the nature of its claims, to which no response is required. To the extent a response is deemed required, Defendant admits that the suit is brought pursuant to the Freedom of Information Act ("FOIA") and respectfully directs the Court to its answer to the "Prayer for Relief" section of Plaintiff's complaint.

　　　　2.　　Paragraph 2 contains argument and Plaintiff's characterization of the nature of its

claims, to which no response is required. To the extent a response is deemed required, Defendant denies that it failed to disclose documents in response to the FOIA Requests.

### Parties[1]

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's nature, purpose, and methods in the first eight sentences of paragraph 3. The final sentence of paragraph 3 states a legal conclusion, to which no response is required.

4. Admits.

### Jurisdiction and Venue

5. Paragraph 6 consists of conclusions of law as to jurisdiction to which no response is required.

6. Paragraph 7 consists of conclusions of law as to venue to which no response is required.

### Background

7. Defendant denies as argumentative the characterization of students at USMMA as "[a]mong the most vulnerable" mariners. Defendant admits that, pursuant to 46 U.S.C. § 51301(c)(1), "[t]he immediate command of the United States Merchant Marine Academy shall be in the Superintendent of the Academy, subject to the direction of the Maritime Administrator under the general supervision of the Secretary of Transportation."

8. Admits that, under USMMA's Sea Year Program, students spend between 300 and 330 days on a variety of different vessels, which may include military/U.S. Coast Guard

---

[1] For ease of reference, this Answer replicates the headings contained in the complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

vessels, Military Sealift Command vessels, maritime school training ships, and commercial seagoing ships, ferries, and tugboats, and may also complete some of those days shore side, such as at ports and shipbuilding sites.

9. Admit that MARAD, through the USMMA, is responsible for the operation of the USMMA's Sea Year program and admit that USMMA and MARAD are committed to ensuring that all members of the Academy community learn and work in safe and supportive environments.

10. Paragraph 10 consists of Plaintiff's characterization of the Maritime Security Program ("MSP") and its implementing legislation. Defendant denies as argumentative Plaintiff's characterization of the MSP as the "foundation" of the Sea Year program and respectfully refers the Court to the Maritime Security Act of 1996 for a complete and accurate statement of its contents.

11. Admits the second sentence of paragraph 11. Defendant admits that the Congressional Research Service characterizes the MSP as stated in the first sentence of paragraph 11, but avers that:

> The MSP program provides a retainer incentive to vessels in exchange for their availability during times of need. MSP vessels are U.S.-registered and must make their ships and commercial transportation resources available upon request by the Secretary of Defense during times of war or national emergency. MSP incentive is explicitly financial, in the form of a stipend. Vessels participate under an umbrella of limited Congressional funding. There is a set number of operating agreements (currently 60). The MSP fleet is comprised of several vessel types, and leans toward military sustainment sealift support.

12. Paragraph 12 consists of Plaintiff's characterization of 46 C.F.R. § 296.31(f). Defendant denies as argumentative Plaintiff's characterization of this provision as the "foundation" of the Sea Year program and respectfully refers the Court to that provision for a complete and accurate statement of its contents.

13. Admits that the U.S. Government has been training individuals to serve as merchant mariners since before the USMMA was dedicated, but not that the Sea Year program, in its current configuration has been operating continuously since that time.

14. Admits that students have reported suffering sexual abuse during their Sea Years, but denies as vague that such reports have been made "[s]ince the Sea Year Program's inception." Defendant respectfully refers the Court to the article cited within paragraph 14 for a complete and accurate statement of its contents.

15. Admits that women were first admitted to the USMMA in 1974; the remainder of paragraph 15 consists of argument and a characterization of the cited news article, to which no response is required. Defendant respectfully refers the Court to the article cited within paragraph 15 for a complete and accurate statement of its contents.

16. Defendants admits the allegations in the first sentence of paragraph 16, and denies as vague and argumentative the allegations in the last three sentences of paragraph 16.

17. Admits that reports of sexual abuse have been made to MARAD and USMMA by male and female students, but denies as argumentative the complaint's characterization that such reports have been made frequently. Defendant denies the remaining allegations of paragraph 17 as argumentative, and respectfully refers the Court to the article cited within paragraph 17 for a complete and accurate statement of its contents.

18. Denies paragraph 18 as argumentative, and respectfully refers the Court to the article cited within paragraph 18 for a complete and accurate statement of its contents.

19. The first sentence of paragraph 19 consists of Plaintiff's characterization of 46 U.S.C. § 10104(a), to which Defendant respectfully refers the Court for a complete and accurate statement of its contents. Defendant denies knowledge or information sufficient to form a belief

4

as the truthfulness of the allegations in the second sentence of paragraph 19. Defendant respectfully refers the Court to the article cited within paragraph 19 for a complete and accurate statement of its contents.

20. Denies as argumentative and vague the allegations of paragraph 20.

21. Paragraph 21 consists of Plaintiff's characterization of Secretary Buttigieg's remarks. Defendant respectfully refers the Court to the full transcript of those remarks for a complete and accurate statement of their contents.

22. Paragraph 22 consists in part of Plaintiff's characterization of the John Warner National Defense Authorization Act, to which Defendant respectfully refers the Court for a complete and accurate statement of its contents. Defendant further avers that that Act does not apply to the USMMA, as it is not within the Department of Defense, and that it is instead the Duncan Hunter National Defense Authorization Act of 2009 that imposed a requirement to conduct surveys every two years. Defendant denies the remaining allegations of Paragraph 22 as argumentative.

23. Admits the first sentence of paragraph 23, and the first clause of the second sentence. The remainder of paragraph 23 consists of Plaintiff's characterization of unspecified results and surveys, to which no response is required.

24. Paragraph 24 consists of Plaintiff's characterization of the 2016 U.S. Merchant Marine Academy Culture Audit, to which Defendant respectfully refers the Court for a complete and accurate statement of its contents.

25. Admits that the Sea Year program was suspended from June 2016 to March 2017.

26. Admits.

27. Paragraph 27 consists of argument and legal conclusions, to which no response is

required.

28.     Paragraph 28 consists of Plaintiff's characterization of unspecified public comments made by unspecified persons; in light of the vagueness of the allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 28.

29.     Paragraph 29 consists of Plaintiff's characterization of unspecified comments made by unspecified persons; in light of the vagueness of the allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 29.

30.     Denies.  Defendant avers that it has made the MSP Operating Agreements public in response to various FOIA requests over time and as part of implementing the MSP Program through notice and comment rulemaking and denies as vague and argumentative the remaining allegations of paragraph 30.

31.     Paragraph 31 consists of Plaintiff's characterization of the biannual SAGR Surveys, to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32.

33.     Paragraph 33 consists of Plaintiff's characterization and argument regarding unspecified reports and media reporting, to which no response is required.

34.     Paragraph 34 consists of Plaintiff's characterization and argument regarding unspecified reports, to which no response is required.

35.     Paragraph 35 consists of Plaintiff's characterization of and argument regarding a

CNN report, to which no response is required. Defendant respectfully refers the Court to that news article for a complete and accurate statement of its contents.

36. Paragraph 36 consists of Plaintiff's characterization of a news article, to which Defendant respectfully refer the Court for a complete and accurate statement of its contents.

37. Admits that the Sea Year program was suspended in November 2021. Denies as vague and argumentative the remaining allegations of Paragraph 37.

38. Admits.

39. Admits that Plaintiff filed four FOIA requests that are the subject of this complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 39.

40. Admits that Plaintiff has submitted four FOIA requests at issue in this lawsuit.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding Plaintiff's purpose or intentions. Defendant denies that it has refused to release policies related to Sea Year to the public.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 42.

## FIRST CAUSE OF ACTION: 22-0040-FOIA

43. Defendant repeats its responses to paragraphs 1-42 as if fully set forth herein.

44. Admits that Plaintiff submitted FOIA Request #1 to the Secretary of Transportation on December 28, 2021. Admits that Plaintiff sought expedited processing. The remainder of paragraph 44 consists of Plaintiff's characterization of FOIA Request #1, to which Defendant respectfully refers the Court for a complete and accurate characterization of its contents.

45. Admits.

46. Admits.

47. Admits.

48. Denies and avers that the final response to FOIA Request #1 was sent to Plaintiff's counsel on June 17, 2022, via secure file transfer.

49. Paragraph 49 states a legal conclusion, to which no response is required.

50. Paragraph 50 states a legal conclusion, to which no response is required.

51. Paragraph 51 states a legal conclusion, to which no response is required.

52. Paragraph 52 states a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested or any other relief.

## SECOND CAUSE OF ACTION: 22-0041-FOIA

53. Defendant repeats its responses to paragraphs 1-42 as if fully set forth herein.

54. Admits that Plaintiff submitted FOIA Request #2 to the OST FOIA Office on December 30, 2021. Admits that Plaintiff sought expedited processing. The remainder of paragraph 54 consists of Plaintiff's characterization of Exhibit F, to which Defendant respectfully refers the Court for a complete and accurate characterization of its contents.

55. Admits.

56. Paragraph 56 consists of Plaintiff's characterization of Exhibits F and G, to which Defendant respectfully refers the Court for a complete and accurate characterization of their contents. However, Defendant avers that the email FOIA request appears to have only included two requests, while the PDF attachment (Exhibit F to the Complaint) appears to have included a third request.

57. Admits.

58. Admits, but avers that MARAD released a substantial partial production of 2,521 pages on June 2, 2022.

59. Paragraph 59 states a legal conclusion, to which no response is required.

60. Paragraph 60 states a legal conclusion, to which no response is required.

61. Paragraph 61 states a legal conclusion, to which no response is required.

62. Paragraph 62 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested or any other relief.

### THIRD CAUSE OF ACTION: 22-0088-FOIA

63. Defendant repeats its responses to paragraphs 1-42 as if fully set forth herein.

64. Admits the first sentence of paragraph 64.  The second sentence of paragraph 64 consists of Plaintiff's characterization of Exhibit I, to which Defendant respectfully refers the Court for a complete and accurate characterization of its contents.

65. Admits.

66. Admits.

67. Admits, but avers that MARAD released a second partial production of 49 pages on July 5, 2022.

68. Paragraph 68 states a legal conclusion, to which no response is required.

69. Paragraph 69 states a legal conclusion, to which no response is required.

70. Paragraph 70 states a legal conclusion, to which no response is required.

71. Paragraph 71 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested or any

other relief.

## FOURTH CAUSE OF ACTION: 22-0089-FOIA

72. Defendant repeats its responses to paragraphs 1-42 as if fully set forth herein.

73. Admits the first sentence of paragraph 73. The second sentence of paragraph 73 consists of Plaintiff's characterization of Exhibit I, to which Defendant respectfully refers the Court for a complete and accurate characterization of its contents.

74. Admits.

75. Admits.

76. Paragraph 76 states a legal conclusion, to which no response is required.

77. Paragraph 77 states a legal conclusion, to which no response is required.

78. Paragraph 78 states a legal conclusion, to which no response is required.

79. Paragraph 79 states a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested or any other relief.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain Plaintiff's Prayer for Relief, to which no response is required. To the extent that these paragraphs may be deemed to contain factual allegations to which a response may be required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

## DEFENSES

Defendant denies each and every allegation of the Complaint not expressly admitted herein. For its specific defenses, Defendant states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

**THIRD DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that necessitate additional time for them to process Plaintiff's FOIA requests.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief to the extent those requests exceed the relief authorized under FOIA.  *See* 5 U.S.C. § 552.

**FIFTH DEFENSE**

Plaintiff is not entitled to declaratory relief.  *See* 5 U.S.C. § 552(a)(4)(B).

**SIXTH DEFENSE**

Plaintiff is not entitled to attorneys' fees or costs.

**SEVENTH DEFENSE**

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

**EIGHTH DEFENSE**

Plaintiff's FOIA requests do not reasonably describe the records sought, and therefore do not comply with FOIA and/or do not trigger a search or production obligation.

**NINTH DEFENSE**

Plaintiff's FOIA requests are not enforceable to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

\* \* \*

Defendant may have additional defenses that are not known to Defendant at this time, but that may be ascertained during litigation. Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, Defendant, having fully answered the allegations in the Complaint and stated its defenses, respectfully request that this Court dismiss the Complaint with prejudice, enter judgment in favor of Defendant, award its costs for defense of this action, and grant such other relief as may be just and equitable.

Dated: July 27, 2022
New York, New York

By:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

/s/ *Lucas Issacharoff*
LUCAS ISSACHAROFF
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2737
lucas.issacharoff@usdoj.gov